United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41562
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICIA JENKINS DURANT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-929-1
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Patricia Jenkins Durant appeals her jury conviction and sentence for transporting illegal aliens within the United States for commercial advantage or private financial gain by means of a motor vehicle in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (B)(i). We affirm.

Durant contends that the evidence at trial was insufficient to sustain the jury's verdict. Specifically, she argues that the government did not establish that she knew the illegal aliens were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the trailer of her truck or that she was acting for commercial advantage or private financial gain.

Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to establish that Durant knew the illegal aliens were in the trailer of her truck and that she was acting for commercial advantage or private financial gain. Durant was the sole driver and occupant of the truck in the trailer of which the 20 illegal aliens were discovered. Although the load of onions Durant was transporting was due in New York in two days, Durant inexplicably traveled 130 miles south to Laredo, Texas, wasting valuable time and money. Further, the jury could have reasonably inferred that Durant was referring to the illegal aliens when she told her co-driver that she was going to make some money by hauling something up north. The jury could have also reasonably inferred that Durant was the "old lady" demanding $5,000 to transport the aliens. Finally, given that two of the illegal aliens seized from Durant's trailer had agreed to pay between $1,000 and $1,200 upon their arrival in Houston, Texas, the jury could have reasonably inferred that Durant would not have been entrusted with such a valuable cargo if she had not been knowledgeable and involved in the alien-smuggling scheme. The evidence was sufficient to sustain the jury's verdict. See United States v. Nolasco-Rosas, 286 F.3d 762, 765 (5th Cir. 2002); United States v. Pennington, 20 F.3d 593 (5th Cir. 1994).

2

For the first time on appeal, Durant contends that the district court's jury instructions were insufficient and improper because the district court failed properly to define the term "reckless disregard." As Durant did not object to the jury instructions in the district court, our review is for plain error. United States v. Harris, 104 F.3d 1465, 1471-72 (5th Cir. 1997). Under the plain-error standard, Durant bears the burden of showing that (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even if these conditions are satisfied, we have the discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). Error in a jury instruction is plain "only when, considering the entire charge and evidence presented against the defendant, there is a likelihood of a grave miscarriage of justice." United States v. McClatchy, 249 F.3d 348, 357 (5th Cir. 2001) (citation omitted).

The definition of "reckless disregard" given to the jury in the instant case was substantially similar to the definition set forth in the relevant Fifth Circuit Pattern Jury Instruction. Further, Durant's theory of defense was that she did not know the aliens were in the trailer of her truck, not that she knew the aliens were present but did not know that they were illegally in the country. As Durant has failed to establish a likelihood of a

grave miscarriage of justice, she cannot show plain error. See McClatchy, 249 F.3d at 357.

Finally, Durant contends that the district court violated her Fifth and Sixth Amendment rights when it enhanced her sentence based on facts that were neither admitted by her nor found by a jury beyond a reasonable doubt. As Durant did not object on this basis in the district court, our review is for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005).

The district court erred when it sentenced Durant pursuant to the mandatory guideline system held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). See Valenzuela-Quevedo, 407 F.3d at 733 ("It is clear after Booker that application of the Guidelines in their mandatory form constitutes error that is plain."). Durant has failed, however, to point to any record evidence that indicates that the same sentence would not have been imposed had the district court known that the Sentencing Guidelines were advisory. The record itself gives no indication that the district court would have reached a different result under an advisory guidelines system. In fact, the district court sentenced Durant at the middle of the guidelines range. Given the lack of evidence indicating that the district court would have reached a different conclusion, Durant has not demonstrated that her substantial rights were affected, and, thus, she has failed to

4

establish plain error.  See United States v. Mares, 402 F.3d 511, 520-22 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Accordingly, Duran's conviction and sentence are AFFIRMED.